**R. DUANE FRIZELL, ESQ.**
Nevada Bar No. 9807
**FRIZELL LAW FIRM**
400 N. Stephanie St., Suite 265
Henderson, Nevada 89014
Office (702) 657-6000
Fax (702) 657-0065
DFrizell@FrizellLaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZIHENG XING, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>USA GOOD TRAVEL AND TOUR INC d/b/a MEI TOUR AND TRAVEL, a Nevada Corporation; KONGMING YAN, an Individual; DOE DEFENDANTS 1 through 100; and ROE ENTITIES 1 through 100,<br><br>Defendants. | CASE NO: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ZIHENG XING ("Plaintiff" or "Xing") now files this, Plaintiff's Original Complaint, complaining of Defendants USA GOOD TRAVEL AND TOUR INC d/b/a MEI TOUR AND TRAVEL ("Mei Tour"), KONGMING YAN ("Yan"), Doe Defendants 1-100, and Roe Entities 1-100.  For causes of action, Plaintiff would respectfully show the Court as follows:

### I. JURISDICTION AND VENUE

1. Pursuant to pertinent provisions of the federal Fair Labor Standards Act (the "FLSA" or "Act"), this Court has subject matter jurisdiction over this matter. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [the FLSA] … may be maintained against any employer … in any Federal or State court of competent jurisdiction  by any one or more employees for and in behalf of himself … or … other employees similarly situated."); *see also* 28 U.S.C. § 1331 (federal jurisdiction over claims involving federal questions); 28 U.S.C. § 1337 (federal jurisdiction over suits arising under Acts of Congress regulating commerce).

1

2. The Court also has subject matter jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the Defendants for the following reasons:

    (a) Defendants engaged in tortious behavior in Nevada; they conduct business in this state; and/or the acts complained of occurred in Nevada. In addition, the claims stated in this Complaint arise under Defendants' contacts with this state.

    (b) Defendants have had such minimum contacts with the State of Nevada that this court's exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice, and the claims stated in this Complaint arise under those minimum contacts.

4. Pursuant to 28 U.S.C. § 1391(a), Venue is proper in the United States District Court for the District of Nevada for the following reasons:

    (a) This judicial district is where all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

    (b) Defendants engaged in tortious behavior in Nevada; they conduct business in this state; and/or the acts complained of occurred in Nevada.

## II. PARTIES

5. Plaintiff **ZIHENG XING ("Plaintiff" or "Xing")** is a citizen of the Peoples' Republic of China.

6. Defendant ***USA GOOD TRAVEL AND TOUR INC d/b/a MEI TOUR AND TRAVEL ("Mei Tour")*** is a Nevada corporation with its principal place of business located in Clark County, Nevada.

7. Upon information and belief, Defendant ***KONGMING YAN ("Yan")*** is a citizen of the State of Nevada who resides in Clark County, Nevada.

8. ***Doe Defendants 1 through 100*** are fictitious names of individuals that are in some manner directly or indirectly liable to Plaintiff in this matter for claims and causes of action stated herein. Plaintiff is ignorant of the true names of the individuals so designated by said fictitious names, and when the true names are discovered, Plaintiff will ask leave to amend the

2

Complaint and proceed herein to substitute the true names of said Defendants. Plaintiff believes and alleges that the Defendants designated as Doe Defendants herein are directly or indirectly responsible and liable to the Plaintiff for their actions, and that they have caused Plaintiff to suffer the damages described herein.

9. Defendants **Roe Entities 1 through 100** are fictitious names of companies and/or other businesses or entities that are in some manner directly or indirectly liable to Plaintiff in this matter for the claims and causes of action stated herein. Plaintiff is ignorant of the true names of the companies and/or other businesses or entities so designated by said fictitious names, and when the true names are discovered, Plaintiff will ask leave to amend this Complaint and proceed herein to substitute the true names of said Defendants. Plaintiff believes and alleges that the Defendants designated as Roe Entities herein are directly or indirectly responsible and liable to the Plaintiff for their actions, and that they have caused Plaintiff to suffer the damages described herein.

10. Unless otherwise indicated, the term ***"Plaintiffs"*** (plural) refers collectively to Xing and other employees similarly situated, and the term ***"Defendants"*** (plural) refers collectively to Mei Tour, Yan, Doe Defendants 1 through 100, and Roe Entities 1 through 100

### III.  NATURE OF THE CASE

11. This is a simple case of employers abusing their employees. Defendants employed Plaintiffs but, among other things, refused to give them overtime pay as well as meal and other breaks. This suit now follows.

### IV.  CLASS ACTION ALLEGATIONS

12. Pursuant to FRCP 23, Plaintiff brings this action on his own behalf and on the behalf of a class of all persons similarly situated.

13. The Plaintiff class consists of all current and former employees of Defendants who worked for Defendants over the last three years.

14. The members of the class are so numerous that the joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiffs believes that Defendants

have employed over forty (40) individuals similarly situation as Plaintiff over the last three years.

15. There are questions of law and fact common to the class, including without limitation whether the challenged policies, practices, and customs violate the FLSA and Chapter 608 of the Nevada Revised Statutes.

16. Plaintiff's claims are typical of the claims of the members of the class. Defendants' wrongful conduct in violation and federal and state law affects all members of the class in a similar manner.

17. Plaintiff will fairly and adequately protect the interest of the class. He has no interests antagonistic to the class. He seeks declaratory, compensatory, injunctive, and punitive relief on behalf of the entire class, and such relief will benefit all members of the class.

18. The class satisfies FRCP 23(b)(2) because the Defendants have engaged in a course of conduct common to all members of the class, and final declaratory and injunctive relief in favor of the class is therefore appropriate.

## V. INFORMATION ALLEGATIONS

19. Allegations made in this Complaint have been based on information and belief, except those allegations that pertain directly to Plaintiff, which are based on his personal knowledge. The information and belief of Plaintiff is based upon, among other things, the investigation conducted by Plaintiff and his attorney after being retained. Each and every allegation and factual contention contained in this Complaint has evidentiary support or, alternatively, is likely to have evidentiary support after reasonable opportunity for further investigation or discovery by Plaintiff or his counsel.

## VI. ALTER EGO ALLEGATIONS

20. Under NRS 78.747 and all other applicable authority, Yan is liable for the debts of Mei Tour under the theory of alter ego for the following reasons:

    a. Mei Tour is influenced and governed by Yan;

    b. There is such unity of interest and ownership that Mei Tour and Yan are inseparable from each other; and

      c.    Adherence to the notion of Mei Tour being an entity separate from Yan would sanction fraud or promote a manifest injustice.

### VII.  GENERAL FACTUAL BACKGROUND

**21.** Yan is currently the Director, President, and Treasurer of Mei Tour.

**22.** Upon information and belief, Yan owns Mei Tour in whole or in part.

**23.** Plaintiff was employed by Defendants from about August 27, 2018 to about August 10, 2020.

**24.** Plaintiff brings this action for unpaid overtime compensation, unfair labor practices, declaratory relief, and other relief under the FLSA, 29 U.S.C. § 216(b).

**25.** This action is brought under the FLSA to recover from Defendant overtime wages, liquated and other damages, and reasonable attorney fees and court costs.

**26.** While Plaintiff was employed with Defendants, Plaintiff was paid a rate of $11.00 per hour.

**27.** Plaintiff performed labor for Defendants in various places, including Nevada and Arizona.

**28.** Nearly always, Plaintiff was required to work six to seven days per week for a total of over 40 hours per week without any overtime compensation and without breaks, although at first, lunch breaks were fairly common.

**29.** Later, even the lunch breaks came to an end.

**30.** Often, Plaintiff was required to work over eight hours per day without any overtime compensation and without any break whatsoever.

**31.** Often, Plaintiff would pay out of pocket for costs attributable to Defendants and their business operations; however, Defendants have failed to reimburse Plaintiff for all of those costs.

**32.** Upon information and belief, all of the Defendants' employees were paid and otherwise treated like Plaintiff.

**33.** This action is intended to include each and every hourly paid employee who worked for Defendant at any time within the past three (3) years.

5

34. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA. *See* 29 U.S.C. § 203(r)-(s).

35. At all material times relevant to this action, Defendants failed to comply with the FLSA and NRS Chapter 608 because Plaintiff and similarly situated employees performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for their hours in excess of eight hours a day and/or forty hours within a work week, and to insure that Plaintiffs were paid their complete wages and reimbursed for funds advanced on Defendants' behalf.

36. During his employment with Defendants, Plaintiff and similarly situated employees were not paid properly, were not paid timely, sometimes were not paid at all, were not paid overtime hours, and were not given proper meal and other breaks.

37. The additional persons who may become Plaintiffs in this action are employees who hold or held positions similarly situated to Plaintiff and how have not been paid their complete wages, have not been paid for overtime, and were not given proper meal and other breaks.

38. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and similarly situated employees are in the possession and custody of Defendants.

## VIII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### Violations of the Fair Labor Standards Act

39. Pursuant the FLSA, 29 U.S.C. § 201, *et seq.*, and all other applicable authority, and incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against all Defendants for violations of the Act, as follows:

40. Plaintiff and those similarly situated were or are Defendants' employees.

41. Currently and at all material times, Defendants have engaged in related activities performed through unified operation or common control of a common business purpose and were an enterprise within the meaning of the FLSA. *See* 29 U.S.C. § 203(r).

42. Currently and at all material times, Defendants have employed workers in the activities of said enterprise and engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce.

43. Upon information and belief, currently and at all material times, said enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.

44. Therefore, Defendants' laborers have been employed in an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of the FLSA. *See id*.

45. Defendants are violating and have repeatedly violated the FLSA, 29 U.S.C. § 15(a)(2), by engaging in the following conduct, among others:

    a. employing laborers in positions in the travel industry for workdays longer than eight hours and/or workweeks longer than 40 hours without providing them with the requisite overtime compensation, *see* 29 U.S.C. § 207(a)(1), *see also* NRS 608.018;

    b. refusing to give employees bona fide meal periods to which they are statutorily entitled, *see* 29 C.F.R. § 785.19(a); and

    c. other acts and omissions.

46. Defendants are violating and have repeatedly violated the aforesaid provisions of the FLSA, as alleged, and a judgment enjoining such violations is warranted. *See* 29 U.S.C. § 216(b).

47. As an actual and proximate cause of Defendants' conduct, Plaintiff is entitled to liquidated and other damages pursuant the FLSA. *See* 29 U.S.C. § 216(b).

48. Defendants have proximately caused Plaintiff to incur attorney fees and court costs; therefore, they should be required to pay reasonable fees and costs to Plaintiff as statutory damages, special damages, or both. *See* 29 U.S.C. § 216(b).

49. Defendants' actions were done with the intent to defraud Plaintiff, were done with malice (having an intent to injure Plaintiff), and/or were done with conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**SECOND CLAIM FOR RELIEF**

**Violations of NRS Chapter 608**

50. Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against Defendants or violations of NRS Chapter 608 and all applicable authority as follows:

51. Plaintiff and those similarly situated were or are Defendants' employees.

52. Defendants are violating and have repeatedly violated NRS Chapter 608 by engaging in the following conduct, among others:

   a. employing laborers in positions in the travel industry for workdays longer than eight hours and/or workweeks longer than 40 hours without providing them with the requisite overtime compensation, *see* NRS 608.018;

   b. refusing to give employees the meal and other breaks to which they are statutorily entitled, *see* NRS 608.019; and

   c. other acts and omissions.

53. Defendants are violating and have repeatedly violated the aforesaid provisions of NRS Chapter 608, as alleged, and a judgment enjoining such violations is warranted. *See* NRS 608.260(2)(a).

54. As an actual and proximate cause of Defendants' conduct, Plaintiff is entitled to various statutory damages. *See* NRS 608.260(2)(a).

55. Defendants have proximately caused Plaintiff to incur attorney fees and court costs; therefore, they should be required to pay reasonable fees and costs to Plaintiff as statutory damages, special damages, or both. *See* NRS 608.260(2)(b).

56. Defendants' actions were done with the intent to defraud Plaintiff, were done with malice (having an intent to injure Plaintiff), and/or were done with conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF

### Unjust Enrichment/Quantum Meruit

57. Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff hereby states a claim for unjust enrichment/quantum meruit against Defendants, as follows:

58. Among other things, per Defendants' instructions and requirements, Plaintiff and those similarly situated advanced funds for Defendants to pay for certain costs of Defendants; however, Defendants have failed to reimburse Plaintiff and those similarly situated.

59. In this manner, Defendants have been and continue to be unjustly enriched.

60. Plaintiff and those similarly situated have not benefitted, but rather have suffered from, Defendants' wrongful conduct.

61. Principles of equity and fairness dictate that Defendants should pay to Plaintiff and those similarly situated the full amount of Defendants' unjust enrichment.

62. Defendants' separate acts described above have proximately caused Plaintiff economic and non-economic damages.

63. Defendants' actions were done with the intent to defraud Plaintiff, were done with malice (having an intent to injure Plaintiff), and/or were done with conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

64. Plaintiff have found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover reasonable attorney fees and court costs.

### FOURTH CLAIM FOR RELIEF

### Civil Conspiracy/Concert of Action

65. Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim for civil conspiracy/concert of action against Defendants, as follows:

66. Defendants and each of them knowingly acted in concert and in a conspiratorial fashion with each other and perhaps others to violate labor laws and to take financial and other advantage of Plaintiff and those similarly situated.

67. Each of the Defendants' separate acts described above has proximately caused Plaintiff to suffer economic and non-economic damages.

68. Defendants' actions were done with the intent to defraud Plaintiff, were done with malice (having an intent to injure Plaintiff), and/or were done with conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

69. Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover reasonable attorney fees and court costs.

## IX. Damages

70. Because of Defendants' separate acts described above, Plaintiff and those similarly situated have suffered damages and are entitled to a recovery as follows:

### Actual, Consequential, Incidental, General, and Special Damages

71. Plaintiff and those similarly situated are entitled to a recovery of their actual damages.

72. Plaintiff and those similarly situated are also entitled to a recovery of their consequential, incidental, general, and special damages, including without limitation pecuniary losses, out-of-pocket expenses, economic losses, and other damages, such as lost earnings, expenses for measures reasonably necessary to counteract harmful conduct, physical inconvenience, mental anguish, and mental pain and suffering.

### Non-Monetary Damages/Equitable Relief

73. Under the FLSA and NRS Chapter 608, Plaintiff and those similarly situated are entitled to non-monetary and equitable relief, including without limitation injunctive relief.

### Liquidated and Other Statutory Damages

74. Under the FLSA and NRS Chapter 608, Plaintiff and those similarly situated are entitled to liquidated and other statutory damages.

### Punitive and Exemplary Damages

75. Plaintiff and those similarly situated are entitled to a recovery for punitive and exemplary damages. In this connection, Plaintiff would show the Court as follows: With respect to Defendants' conduct outlined in all of the preceding paragraphs, Defendants acted with malice, having a specific intent to defraud or cause substantial injury or harm to Plaintiff and those

similarly situated; and/or they acted with gross negligence and/or reckless disregard for the rights of Plaintiff and those similarly situated.  For all of these reasons, Plaintiff and those similarly are entitled to punitive and exemplary damages against Defendants.

### Attorney Fees and Court Costs

**76.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action.  Therefore, under the FLSA and NRS Chapter 608, Plaintiff is entitled to an award for reasonable attorney fees and court costs.

### Pre-Judgment and Post-Judgment Interest

**77.** Plaintiff and those similarly situated are entitled to pre-judgment and post-judgment interest.

**X.    JURY DEMAND**

**78.** Plaintiff demands trial by jury.

**XI.    REQUEST FOR RELIEF**

WHEREFORE, Plaintiff ZIHENG XING ("Plaintiff" or "Xing") requests the Court as follows:

A. to render judgment against Defendants and in the favor of Plaintiff and those similarly situated;

B. to award Plaintiff and those similarly situated actual damages, consequential damages, incidental damages, general damages, and special damages in an amount allowed by law and justified by the circumstances of this case;

C. to render non-monetary and equitable relief in favor of Plaintiff and those similarly situated, including the injunctive relief requested above;

D. to award Plaintiff and those similarly situated liquidated and other statutory damages;

E. to award Plaintiff and those similarly situated punitive and exemplary damages;

F. to award Plaintiff attorney fees and court costs;

G. to award Plaintiff and those similarly situated pre-judgment and post-judgment interest; and

H.   to award Plaintiff and those similarly situated all such other and further relief to which they may be entitled or justly deserve at law or in equity.

DATED: *August 27, 2020*.

                                      Respectfully submitted,

                                      **FRIZELL LAW FIRM**
                                      400 N. Stephanie St., Suite 265
                                      Henderson, Nevada 89014

By:   */s/ R. Duane Frizell*
        **R. DUANE FRIZELL, ESQ.**
        Nevada Bar No. 9807
        *Attorney for Plaintiff*