R. DUANE FRIZELL, ESQ.
Nevada Bar No. 9807
FRIZELL LAW FIRM, PLLC
400 N. Stephanie St., Suite 265
Henderson, Nevada 89014
Office (702) 657-6000
Fax (702) 657-0065
DFrizell@FrizellLaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ZIHENG XING, an Individual, | § § § | |
| Plaintiff, | § § | CASE NO. 2:20-cv-01593-MMD-BNW |
| vs. | § § § | |
| USA GOOD TRAVEL AND TOUR INC d/b/a MEI TOUR AND TRAVEL, a Nevada Corporation; KONGMING YAN, an Individual; DOE DEFENDANTS 1 through 100; and ROE ENTITIES 1 through 100, | § § § § § § § § § | |
| Defendants. | § § | |

## FINAL DEFAULT JUDGMENT
## (AGAINST USA GOOD TRAVEL AND TOUR INC.)

Before the Court is *Plaintiff's Motion for Entry of Final Default Judgment Against Defendant USA Good Travel and Tour Inc*. [ECF 38] (filed Nov. 27, 2023) (hereafter "Default Judgment Motion" or "Def. Jdgmt. Mot."). In a separate order, the Court GRANTED the Motion. (*Order* [ECF 40] (entered Dec. 21, 2023) [hereafter "Preliminary Order" or "Prelim. Ord."]. The Court now enters the present *Final Default Judgment (Against Defendant USA Good Travel and Tour Inc.)*, which includes the following Findings of Fact and Conclusions of Law:

    **I.**    **FINDINGS OF FACT**

The Court hereby makes the following Findings of Fact:

1.    On Aug. 28, 2020, Plaintiff ZIHENG XING ("Plaintiff" or "Xing") filed suit in the current action against Defendants USA GOOD TRAVEL AND TOUR INC d/b/a MEI TOUR AND TRAVEL ("Mei Tour") and KONGMING YAN ("Yan"). (*Plaintiff's Original Complaint*

1

[ECF 1] (filed Aug. 28, 2020) [hereafter "Complaint", "Compl."]). In his Complaint, Plaintiff stated the following claims: (1) violations of the Fair Labor Standards Act ("FLSA"); (2) violations of NRS Chapter 608; (3) unjust enrichment/quantum meruit; and (4) civil conspiracy/concert of action. (*Id*.).

2. On Jan. 26, 2023, United States Magistrate Judge Brenda N. Weksler entered a report and recommendation, in which she recommended that a default be entered against Mei Tour. (*Report and Recommendation* [ECF 31] (filed Jan. 26, 2023) [hereafter "Recommendation" or "Recomm."]). The Court subsequently entered an order, in which the Recommendation was "accepted and adopted in full." (*Order* [ECF 32] (filed Feb. 13, 2023) [hereafter "Recommendation Order" or "Recomm. Ord."]). Later that same day, the Court Clerk entered a default against Mei Tour. (*Default* [ECF 33] (filed Feb. 13, 2023) [hereafter "Default" or "Dflt."]).

3. On Oct. 12, 2023, the Court entered a minute order instructing Plaintiff to "take further, appropriate action in this case by November 27, 2023." (*Minute Order* [ECF 37] (entered Oct. 12, 2023)). Plaintiff then timely filed a motion for default judgment against Mei Tour. (*Plaintiff's Motion for Entry of Final Default Judgment Against Defendant USA Good Travel and Tour Inc*. [ECF 38] (filed Nov. 27, 2023) [hereafter "Default Judgment Motion" or "Def. Jdgmt. Mot."]).

4. Attached to the Default Judgment Motion as Exhibit 1 is Plaintiff's declaration. (*Declaration of Ziheng Xing* at pp.1-4 [ECF 38-1] (filed Nov. 27, 2023) ["Xing Declaration" or "Xing Decl."]). The Xing Declaration includes the following sub-exhibits (the "Xing Declaration Exhibits" or "Xing Decl. Exs."):

| | |
|---|---|
| Sub-Exhibit A | Xing Working Calendar at Mei Tour (2018-2019) |
| Sub-Exhibit B | Mei Tour's 2018 W2 to Xing |
| Sub-Exhibit C | Mei Tour's 2019 1099 to Xing |
| Sub-Exhibit D | Xing Resignation Letter to Mei Tour (Apr. 18, 2019) |

Sub-Exhibit E        Out-of-pocket Expenses

(ECR 38-1, at pp.5-29).

5.  Plaintiff served the Default Judgment Motion and all of its attachments, including the Xing Declaration and all of the Xing Declaration Exhibits, upon Defendants Mei Tour and Yan. (*Certificate of Service for Plaintiff's Motion for Entry of Final Default Judgment Against USA Good Travel and Tour Inc. [Document 38] [ECF 39] (filed Nov. 29, 2023)*). Because they no longer have an attorney representing them in this matter, Plaintiff served Mei Tour and Yan at their last-known address by mailing the motion and its attachments in a sealed, first-class postage-prepaid envelope and deposited with the United State Postal Service.

6.  Excerpts from the Xing Declaration are quoted below:

> **(4)** I was employed from August 27, 2018 to and trough about August 10, 2019 by Defendant USA Good Travel and Tour Inc d/b/a Mei Tour and Travel ("Mei Tour"), which, upon information received, I reasonably believe is owned in whole or in part by Defendant Kongming Yan ("Yan").
>
> **(5)** While employed, Mei Tour agreed to pay me an hourly rate of $11.00. Yan was my direct supervisor, and my instructions for employment at Mei Tour were issued at his discretion.
>
> **(6)** On or about August 27, 2018, I began my employment at Mei Tour in Las Vegas, Nevada. A true and correct copy (exact duplicate) of the working calendar outlining hours that I worked for Mei Tour over the course of my entire employment there is attached hereto as **Sub-Exhibit A**.
>
> **(7)** For 2018, I worked 279.0 hours for Mei Tour. At my rate of $11.00 per hour, I was to receive $3,069.00 in gross wages for this work. However, my 2018 W2 shows that I was only paid $2,416.50. Thus, I was *shorted $652.50 in wages (base pay)* for that year. A true and correct copy (exact duplicate) of my 2018 W2 is attached hereto as **Sub-Exhibit B**.
>
> **(8)** For 2019, I worked 1223.0 hours for Mei Tour. At my rate of $11.00 per hour, I was to receive $13,453.00 in gross wages for this work. However, my 2019 1099 (I should have received a W2 again) shows that I was only paid $1,226.00. Thus, I was *shorted $12,230.00 in wages (base pay)* for that year. A true and correct copy (exact duplicate) of my 2019 1099 is attached hereto as **Sub-Exhibit C**.

3

(9) From August 27, 2018 through December 15, 2018, I worked for Mei Tour in Las Vegas, Nevada for fifty (50) days. Even though I worked at least four (4) consecutive hours each workday during that time, I never received any paid rest periods. That came to total of fifty (50) paid rest periods that I was denied for that time. With rest periods being 15 minutes each, that comes to *ten (10.0) hours of paid rest periods* that I was denied.

(10) Beginning on March 1, 2019 and through May 6, 2019, I continued to work for Mei Tour in Las Vegas, Nevada for a total of fifty-seven (57) days. For thirteen (13) of those days (March 2, 9, 16, 23, 27, and 30; April 6, 7, 12, 21, 27, and 28; and May 4), I was entitled to one (1) paid rest period, which I never received. For the remaining forty-four (44) of those working days, I was entitled to two (2) paid rest periods, which I never received. That came a total of 101 paid rest periods, or *twenty-five and a quarter (25.25) hours of paid rest periods* that I was denied.

(11) I was also entitled to nine (9) unpaid meal periods (for March 4, 14, 20, 22, 27, and 28; April 13 and 26; and May 3), which I was also denied. With rest periods being 30 minutes each, that comes to *four and half (4.5) hours of unpaid meal periods* that I was denied.

(12) During that time, Mei Tour also required that I work *sixty-one (61) hours of overtime*, as follows: For the week of March 3-9, I worked six (6.0) hours of overtime; for the week of March 10-16, I worked six (6.0) hours of overtime; for the week of March 17-23, I worked nine and half (9.5) hours of overtime; for the week of March 24-30, I worked eight (8.0) hours of overtime; for the week of March 31 – April 6, I worked seven (7.0) hours of overtime; for the week of April 14-20, I worked nine and half (9.5) hours of overtime; for the week of April 21-27, I worked five and half (5.5) hours of overtime; and for the week of April 28 – May 4, I worked nine and a half (9.5) hours of overtime.

(13) On or about April 18, 2019, I provided Mei Tour with a Resignation Letter by and through its owner and my supervisor, Yan. A true and correct copy of the Resignation Letter to Mei Tour is attached hereto as **Sub-Exhibit D**. Therein, I informed Mei Tour and Yan of my intentions to be fully resigned by August 31, 2019.

(14) From May 8, 2019 until August 10, 2019, Mei Tour required that I travel and work in Page, Arizona for a total of eighty one (81) days. For each of those days I was entitled to two (2) paid rest periods and one (1) unpaid meal period, none of which I received. That came to a total of one hundred sixty two (162) paid rest periods, or *forty and one-half (40.5) hours of rest periods*, that I was denied.

4

(15) Additionally, I was denied eighty one (81) unpaid meal periods, or *forty and one-half (40.5) hours of unpaid meal periods* that I was denied.

(16) During that time, Mei Tour also required that I work *two hundred forty-six and half (246.5) hours of overtime*, as follows: For the week of May 5-11, I worked four and half (4.5) hours of overtime; for the week of May 12-18, I worked twenty three (23.0) hours of overtime; for the week of May 19-25, I worked twenty three (23.0) hours of overtime; for the week of May 26 – June 1, I worked twenty three (23.0) hours of overtime; for the week of June 9-15, I worked fourteen (14.0) hours of overtime; for the week of June 16-22, I worked twenty three (23.0) hours of overtime; for the week of June 23-29, I worked twenty three (23.0) hours of overtime; for the week of June 30 – July 6, I worked twenty seven (27.0) hours of overtime; for the week of July 7-13, I worked twenty three (29.0) hours of overtime; for the week of July 14-20, I worked hours of thirty (30.0) hours of overtime; and for the week of August 4-10, I worked twenty seven (27.0) hours of overtime. Mei Tour did not pay me any overtime.

(17) Over the course of my entire employment, Mei Tour refused to provide me with overtime pay for the 307.5 hours of my overtime work. At my wage rate of $11.00 per hour, my unpaid overtime amounts to $2,536.88.

(18) Over the course of my entire employment, Mei Tour deprived me of a total of 120.75 hours of break time that I was entitled to. Fairly evaluating this time as additional overtime hours worked, this amounts to $996.19.

(19) Mei Tour is a company that operates in the travel industry and required me to travel for the company, specifically to Page, Arizona, which caused me to incur out-of-pocket expenses, for which they promised reimbursement. These expenses amounted to $462.37, but Mei Tour never reimbursed me for these expenses. True and correct copies (exact duplicates) of receipts for the out-of-pocket expenses I incurred to the benefit of Mei Tour are attached hereto as **Sub-Exhibit E**.

(20) Because of the damages I incurred and Mei Tour's threats against me, I therefore filed the Lawsuit. In the Lawsuit, I have incurred attorney fees and court costs. My attorney will present a separate declaration to the Court itemizing such fees and costs.

///

///

[*The rest of this page is intentionally left blank*.]

      **(21)**    To date, my damages (excluding attorney fees and costs) are as follows:

| | |
|---|---|
| Base-pay shortfall: | $12,882.50 |
| Uncompensated overtime pay: | $2,536.88 |
| Unreceived break time: | $996.19 |
| Out-of-pocket expenses: | <u>$462.37</u> |
| ***TOTAL:*** | ***$16,877.94*** |

      **(22)**    I am requesting that the Court award me these damages against Defendants.

(Xing Decl. ¶¶ 4-22 & sub-exs. A-E). The Xing Declaration has supporting documentation. (*See id.*).

    7.    No opposition or other response of any nature whatsoever to the Default Judgment Motion was ever filed. Therefore, except as to damages, the Court takes all of the statements in the Xing Declaration as true and hereby incorporates them as such in these Findings of Facts.

    8.    With respect to Xing's damages, the Court finds that he has established them in the amounts shown above.

    9.    The nature of Defendants' business and Plaintiff's role at Mei Tour is set forth in his Complaint, as follows:

      **(40)**    Plaintiff and those similarly situated were or are Defendants' employees.

      **(41)**    Currently and at all material times, Defendants have engaged in related activities performed through unified operation or common control of a common business purpose and were an enterprise within the meaning of the [Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.]. *See* 29 U.S.C. § 203(r).

      **(42)**    Currently and at all material times, Defendants have employed workers in the activities of said enterprise and engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce.

> *(43)* Upon information and belief, currently and at all material times, said enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.
>
> *(44)* Therefore, Defendants' laborers have been employed in an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of the FLSA. *See id.*
>
> *(45)* Defendants are violating and have repeatedly violated the FLSA, 29 U.S.C. § 15(a)(2), by engaging in the following conduct, among others:
>
> > a. employing laborers in positions in the travel industry for workdays longer than eight hours and/or workweeks longer than 40 hours without providing them with the requisite overtime compensation, *see* 29 U.S.C. § 207(a)(1), *see also* NRS 608.018;
> >
> > b. refusing to give employees bona fide meal periods to which they are statutorily entitled, *see* 29 C.F.R. § 785.19(a); and
> >
> > c. other acts and omissions.
>
> *(46)* Defendants are violating and have repeatedly violated the aforesaid provisions of the FLSA, as alleged, and a judgment enjoining such violations is warranted. *See* 29 U.S.C. § 216(b).
>
> *(47)* As an actual and proximate cause of Defendants' conduct, Plaintiff is entitled to liquidated and other damages pursuant the FLSA. *See* 29 U.S.C. § 216(b).
>
> *(48)* Defendants have proximately caused Plaintiff to incur attorney fees and court costs; therefore, they should be required to pay reasonable fees and costs to Plaintiff as statutory damages, special damages, or both. *See* 29 U.S.C. § 216(b).

(Compl. ¶¶ 40-48, at pp.6-7). Inasmuch as Mei Tour has been defaulted and has not opposed the Default Judgment Motion, the Court takes these pleaded facts, except as they pertain to damages, as true and hereby incorporates them as such in these Findings of Facts. With respect to Xing's damages, as stated above, the Court finds that he has established them in itemized and total amounts.

10. In a separate order, the Court already GRANTED the Default Judgment Motion. (Prelim. Ord.). In connection with and subsequent to the Preliminary Order, the Court now enters its present *Final Default Judgment (Against Defendant USA Good Travel and Tour Inc.)*.

11. Should any of the foregoing Findings of Fact more properly be classified as Conclusions of Law, they are hereby deemed to be so classified.

7

## II. CONCLUSIONS OF LAW

The Court hereby makes the following Conclusions of Law:

A. The Federal Rules of Civil Procedure provide for the taking of a default judgment. Such Rules provide, in pertinent part, as follows:

> Entering a Default Judgment.
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment…. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FRCP 55(b).

B. The Court concludes that, under FRCP 55(b)(2), by filing the Default Judgment Motion and serving Mei Tour and Yan with it and all of its attachments, it has properly brought said motion before the Court. The Court also concludes that Mei Tour and Yan had more than adequate time to respond to the Default Judgment Motion inasmuch as they were served with it on Nov. 29, 2023, their deadline to respond ran on Dec. 13, 2023 (*see* LR 7-2(b)), and the Court did not enter its Preliminary Order granting the motion until over a week later on Dec. 21, 2023. Nevertheless—to date—no opposition or other response of any nature whatsoever to the Default Judgment Motion has been filed.

C. The Court further concludes that no hearings or referrals under FRCP 55(b)(2) are required because the Court hereby determines that it need not take any action under subsections

8

(A)-(D) to FRCP 55(b)(2). Thus, the Court may properly rule upon the Default Judgment Motion without further proceedings.

  D. The Ninth Circuit has set forth "[f]actors which may be considered by courts in exercising discretion as to the entry of a default judgment [which factors] include" the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

  E. The Court concludes that Plaintiff has satisfied the *Eitel* factors and may obtain a default judgment against Mei Tour. With respect to <u>Factor No. 1</u>, the Court concludes that Plaintiff would likely suffer prejudice without a default judgment against Mei Tour because its previous attorney withdrew his representation of the company, Mei Tour has not retained a new attorney, Mei Tour has already been defaulted, Mei Tour has not been participating in the action, Mei Tour has not responded to the Default Judgment Motion, and Plaintiff would continue to be hindered from presenting its case against Yan at trial or any other future proceedings if Mei Tour is not defaulted.

  F. Regarding <u>Factor No. 2</u>, and given the Findings of Fact set forth above, the Court concludes that Plaintiff has presented facts and law showing the merits of his substantive claims, as follows: (1) violations of the Fair Labor Standards Act ("FLSA") (relating to uncompensated work time, uncompensated overtime, and denied breaks), *see* 29 U.S.C. §§ 203(r), 207(a)(1), 215(a)(2), 216(b); *see also* 29 C.F.R. §§ 758.18, 758.19(a); (2) violations of NRS Chapter 608 (relating to uncompensated work time, uncompensated overtime, and denied breaks), *see* NRS 608.016, 608.018(1), 608.019(1)-(2), 608.135(1), 608.190, 608.250, 608.260(2)(b); (3) unjust enrichment/quantum meruit, *see Certified Fire Prot. Inc. v. Precision Constr. Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012); and (4) civil conspiracy/concert of action, *see Buzz Stew, LLC v.*

*City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008); *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 63, 110 P.3d 30, 51 (2005); *GES, Inc. v. Corbitt*, 117 Nev. 265, 271, 21 P.3d 11, 15 (2001); *Consol. Generator-Nevada v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998); *see also Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 683 (9th Cir. 2014) (unpublished opinion); *Shlesinger v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 102030, *23-24 (D. Nev. 2012) (unpublished disposition).

  G. Also in regard to Factor No. 2, and an in light of the Findings of Fact set forth above, the Court further concludes that the Plaintiff has presented facts and law showing the merits of his claimed actual damages, liquidated damages, attorney fees, and court costs. Under the FLSA and NRS Chapter 608, Xing is entitled to his actual damages. *See* 29 U.S.C. § 216(b); NRS 608.135(1), 608.190. As stated in the Findings of Fact above, Xing has itemized his economic damages, with itemization comes to a total of <u>$16,877.94</u>. (*See also* Xing Decl. ¶ 22). The FLSA sets "liquidated damages" at an additional amount equal to his actual damages (double damages). 29 U.S.C. § 216(b). Thus, as liquidated damages, Xing is entitled to <u>an additional $16,877.94</u>. Under the FLSA, Xing is entitled to "a reasonable attorney's fee" and "costs of the action." 29 U.S.C. § 216(b). The same is true under NRS Chapter 608. *See* 608.260(2)(b); *see also* NRS 18.020. Xing continues and will continue to incur attorney fees and costs related to the prosecution of his claims against Mei Tour until the present Default Judgment is entered. Thus, upon the Court entering this Default Judgment, it will grant Xing leave to allow his attorney to verify his attorney fees and to file a verified bill of costs.

  H. Relative to <u>Factor No. 3</u>, the Court concludes that the Complaint is sufficiently pleaded. The Complaint is no less than 12 pages long and consists of 78 paragraphs, all of which include sufficient factual details to give Mei Tour fair notice of Plaintiff's claims, damages, and requests for relief. *See* FRCP 8(a).

I. In terms of *Factor No. 4*, the Court concludes that the sum of money at stake in this action is not substantial. Accordingly, this factor weighs in favor of granting Plaintiff a default judgment against Mei Tour.

J. Concerning *Factor No. 5*, the Court concludes that there is no possibility of a dispute concerning material facts because, as stated in the Findings of Fact above, Mei Tour has already been defaulted, it has been served with the Default Judgment Motion, and it has presented no response or facts rebutting (or competing) with those in Plaintiff's Complaint and in his Default Judgment Motion. Therefore, as stated in the Findings of Facts above, as to liability, the Court takes Plaintiff's facts as pleaded in his Complaint and in his Default judgment as true. *See* FRCP 55; *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). With respect to damages, as also stated in the Findings of Fact above, Court concludes that he has properly established them in the amounts shown therein.

K. Turning to *Factor No. 6*, no showing of any purported or actual excusable neglect on the part of Mei Tour has been presented to the Court. Therefore, the Court concludes that this factor weighs in favor of entering a default judgment against Mei Tour.

L. Finally, as for *Factor No. 7*, the Court concludes that Mei Tour has had more than adequate time to retain a new attorney, contest the Default entered against it, and/or oppose the Default Judgment Motion. Magistrate Judge Weksler issued her Recommendation against Mei Tour on Jan. 26, 2023; the Recommendation Order and the Default were both entered against Mei Tour on Feb. 14, 2023; and the Default Judgment Motion was served upon Mei Tour on Nov. 29, 2023. Nevertheless, Mei Tour has taken no action in this matter for nearly a year now—since the Recommendation was issued. Because Mei Tour apparently has abandoned this case, the Court concludes that the strong policy favoring decisions on the merits does not weigh against Plaintiff obtaining a default judgment against Mei Tour.

M.  Pursuant to FRCP 54(b), the Court hereby expressly determines that although this action presents more than one claim against more than one party, this Default Judgment may and should be entered a final judgment as to all of Plaintiff's claims against Mei Tour because there is no just reason for delay.

N.  Should any of the foregoing Conclusions of Law more properly be classified as Findings of Fact, they are hereby deemed to be so classified.

### III. FINAL DEFAULT JUDGMENT AGAINST DEFENDANT USA GOOD TRAVEL AND TOUR INC. D/B/A MEI TOUR AND TRAVEL

In light of the foregoing Findings of Facts and Conclusions of Law, and giving effect to same, the Court hereby ORDERS, DECREES, and ADJUDGES as follows:

i.  *Plaintiff's Motion for Entry of Final Default Judgment Against Defendant USA Good Travel and Tour Inc*. [ECF 38] (filed Nov. 27, 2023) is hereby, all respects GRANTED;

ii.  Judgment is hereby rendered in favor of Plaintiff ZIHENG XING ("Plaintiff" or "Xing") and against Defendant USA GOOD TRAVEL AND TOUR INC d/b/a MEI TOUR AND TRAVEL ("Mei Tour") as follows:

   a.  Actual damages in the amount of *$16,877.94*,

   b.  Liquidated damages in the amount of an *additional $16,877.94*,

   c.  Attorney fees in an amount to be verified by Xing's attorney with an affidavit or declaration,

   d.  Court costs in an amount to be verified with a bill of costs, and

   e.  Pre- and post-judgment interest per the terms of NRS 17.130;

iii.  Because of the conspiracy/concert-of-action claim established against it, Mei Tour shall be jointly and severally liable for any award or judgment that may yet be granted in favor of Xing and against Defendant KONGMING YAN, ("Yan");

  iv. Pursuant to FRCP 54(d), Plaintiff shall, within fourteen (14) days from the entry of this Default Judgment, file (1) an affidavit or declaration verifying an attorney-fee award according to the applicable standards and (2) a bill costs verifying them according to the applicable standards, which affidavit/declaration and bill the Court will consider in determining whether to award attorney fees and costs (and in what amount) to Plaintiff and against Mei Tour; and

  v. Pursuant to FRCP 54(b), the Court hereby expressly determines and orders that although this action presents more than one claim against more than one party, this Default Judgment may be and hereby is entered as a FINAL JUDGMENT as to all of Plaintiff's claims against MEI TOUR because there is no just reason for delay.

IT IS SO ORDERED.

Dated: __January 8__, 20__24__.

_____
**MIRANDA M. DU**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Respectfully submitted*,

**FRIZELL LAW FIRM, PLLC**
400 N. Stephanie St., Suite 265
Henderson, Nevada 89014

By: */s/ R. Duane Frizell*
  **R. DUANE FRIZELL, ESQ.**
  Nevada Bar No. 9807
  *Attorney for Plaintiff*