UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ZIHENG XING, | Case No. 2:20-cv-01593-MMD-BNW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| USA GOOD TRAVEL AND TOUR INC. *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiff Ziheng Xing sued Defendants USA Good Travel and Tour Inc. d/b/a Mei Tour ("Mei Tour"), Kongming Yan, Doe Defendants 1-100, and Roe Entities 1-100 (collectively, "Defendants") for unpaid overtime compensation, unfair labor practices, declaratory relief, and other relief under the Fair Labor Standards Act ("FLSA"). (ECF No. 1 at 2, 5.) Before the Court is Plaintiff's unopposed motion for summary judgment against Defendant Kongming Yan ("Defendant").[1] (ECF No. 57 ("Motion").) The Court will grant the Motion in part—where recovery is available—because Defendant violated both FLSA and Nevada Revised Statutes § 608 ("Section 608") and was unjustly enriched. But the Court will deny the Motion in part where recovery is unavailable, and where Plaintiff failed to present evidence supporting his claims.

**II.    BACKGROUND**

Defendants employed Plaintiff from August 27, 2018, to approximately August 10, 2019. (ECF No. 44 at 3.) Plaintiff's rate of pay was $11.00 per hour. (*Id.*) In 2018, Plaintiff worked 279 hours and Defendant owed him $3,069.00 in gross wages, but he only

---

[1]As further explained below, Plaintiff already obtained a default judgment against Mei Tour. (ECF No. 44.)

received $2,416.50. (*Id.*) The following year, Plaintiff worked 1,223 hours and received $1,226.00 but was owed $13,453.00. (*Id.*)

Additionally, Defendants required Plaintiff to work 307.5 overtime hours during his employment but failed to compensate him with overtime pay. (*Id.* at 5.) They also denied Plaintiff a total of 120.75 hours of break time and failed to reimburse Plaintiff for out-of-pocket expenses totaling $462.37. (*Id.*)

In 2020, Plaintiff filed suit against Defendants Mei Tour and Kongming Yan. (*Id.* at 1.) United States Magistrate Judge Brenda Weksler issued a report and recommendation that default judgment be entered against Mei Tour. (ECF No. 31 at 1.) The Court adopted the report and recommendation in full and directed Plaintiff to file a motion for default judgment. (ECF No. 32 at 2.) Plaintiff filed the motion; Mei Tour submitted no response. (ECF No. 38.) The Court granted the motion. (ECF No. 40 at 1.) Plaintiff now moves for summary judgment against Defendant. (ECF No. 57.) Defendant did not oppose or otherwise respond to Plaintiff's Motion.

**III.   DISCUSSION**

Plaintiff moves for summary judgment on his uncompensated work time claims, uncompensated overtime claims, a denial of breaks claim, an unjust enrichment claim, and a civil conspiracy claim. In seeking summary judgment, the moving party bears the burden of showing that there is no genuine issue as to any material fact. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party satisfies Rule 56's requirements, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Here, Defendant did not respond to Plaintiff's Motion. While the court may not enter summary judgment by default under LR 7-2(d), it may grant an unopposed summary judgment motion if "the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact." *Miles v. Clark Cnty.*, No. 2:21-CV-00290-CDS-BNW, 2024 WL 1720823, at *2 (D. Nev. Apr. 22, 2024)

(citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)). The Court will therefore analyze the unopposed motion using this standard.

### A.     Uncompensated Work Time

Plaintiff proffers evidence that Defendant failed to pay him $12,882.50 of his base pay, specifically a declaration,[2] his 2018 W-2 Wage and Tax Statement, and his 2019 1099-MISC form. (ECF Nos. 57 at 4, 57-1 at 2-5, 21, 23.) These exhibits show that Defendant failed to pay Plaintiff's full wages. (*Id.*) As further explained below, Plaintiff is thus entitled to judgment as a matter of law on his uncompensated work claims brought under Section 608.

Plaintiff makes his uncompensated work time argument under both FLSA and Section 608. (ECF No. 57 at 9, 11.) However, state law, rather than FLSA, guides unpaid wage claims because FLSA does not provide a private cause of action for unpaid wages outside of minimum wage and overtime. *See* 29 U.S.C. § 216(b); *see also Jasic v. Kora*, No. 2:13-cv-01747-JAD, 2013 WL 5883406, at *3 (D. Nev. Oct. 30, 2013) (citations omitted) (stating that unpaid wages should be determined under state law rather than federal law); *Brown v. Precision Opinion*, No. 2:11-cv-00392-PMP, 2011 WL 1257210, at *3 (D. Nev. Apr. 4, 2011) (citations omitted) (same). Accordingly, Plaintiff may only recover under Section 608. *See Neville v. Eighth Judicial Dist. Court of Nev.*, 406 P.3d 499, 504 (Nev. 2017) (holding that Section 608 implies a cause of action).

Under Section 608, Plaintiff argues he is entitled to damages for uncompensated work time because NRS § 608.016 states that "an employer shall pay to the employee wages for each hour the employee works." (ECF No. 57 at 11.) The Court agrees. The Motion is therefore granted as to this claim because Defendant violated NRS § 608.016 by failing to pay Plaintiff for all the hours he worked. (ECF Nos. 57-1 at 2-5, 21, 23.)

///

---

[2] In the default judgment, the Court stated that "except as to damages, the Court takes all of the statements in the Xing Declaration as true and hereby incorporates them as such in these Findings of Facts." (ECF No. 44 at 6.) The Court accordingly treats the statements laid out in the declaration as facts.

### B. Uncompensated Overtime

Plaintiff also argues he is entitled to summary judgment on his uncompensated overtime claim under FLSA and Section 608 because Defendant failed to pay him $2,536.88 in owed overtime wages. (ECF No. 57 at 10, 11-12.) Plaintiff supports this argument with a declaration, his work schedule while employed by Defendant, his 2018 W-2 Wage and Tax Statement, and his 2019 1099-MISC form. (ECF Nos. 57-1 at 2-5, 21, 23.) These documents show that Plaintiff worked overtime hours but was not properly compensated. (*Id.*) As further explained below, Plaintiff is accordingly entitled to judgment as a matter of law on his uncompensated overtime claims brought under FLSA and Section 608.

FLSA mandates employers to pay employees an overtime rate of at least one-and-one-half times their regular rate after an employee works forty hours in one week. *See* 29 U.S.C. § 207(a)(1). NRS § 608.018 is FLSA's state-law analogue on overtime compensation and mandates the same requirements.

"In order to prevail on an unpaid overtime claim under the FLSA, a plaintiff must prove: (1) the uncompensated activity constitutes work, (2) the time worked is not de minimis and is reasonable in relation to the principal activity, (3) the employer had actual notice or constructive knowledge of the plaintiff's overtime work, and (4) the amount of time worked." *Corbett v. Pub. Employees' Ret. Sys.*, No. 2:20-cv-02149-KJD-NJK, 2023 WL 2663204, at *6 (D. Nev. Mar. 28, 2023) (citing *Marshall v. Pollin Hotels II, LLC*, 10 F. Supp. 3d 1290, 1297 (D. Ore. 2016)). Plaintiff satisfies this test, mostly because his work schedule (ECF No. 57-1 at 7-19) shows that Mei Tour scheduled him to work more than eight hours per day on some specified days. Plaintiff's Motion is therefore granted as to this claim because Defendant did not pay the one-and-a-half-time rate for his overtime hours in violation of FLSA and Section 608. (*Id.* at 2-5, 21, 23.)

### C. Denial of Breaks and Meal Periods

Plaintiff then argues he is entitled to summary judgment on his denial of breaks and meal periods claim under FLSA and Section 608 because Defendant regularly

refused him paid breaks and unpaid meal periods (ECF No. 57 at 11, 12), supporting this argument with a declaration and work schedule both documenting missing break periods (ECF No. 57-1 at 2-19). But "[r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in industry" and must be counted as hours worked. 29 C.F.R. § 785.18. Said otherwise, "the FLSA does not require that employers provide meal or rest periods." *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1073 (9th Cir. 2021); *see also Handy Reference Guide to the Fair Labor Standards Act*, U.S. DEP'T OF LAB., https://www.perma.cc/EC33-KF3U (last visited Oct. 17, 2024) (stating that FLSA does not mandate meal or rest periods). Plaintiff is therefore not entitled to summary judgment on this claim because Defendant did not violate FLSA in failing to provide short rest breaks.

That said, Section 608 does mandate that employers authorize employees to take rest periods and that these periods be counted as hours worked with no deduction from wages, and that an employer cannot employ someone for a continuous period of eight hours without permitting them a meal period of at least 30 minutes. *See* NRS § 608.019(1). However, NRS § 608.019 does not include an implied private right of action. *See e.g.*, *Sandoval v. Drybar Holdings, LLC*, No. 2:19-cv-00180-RFB-EJY, 2020 WL 13846688, *8 (D. Nev. Mar. 24, 2020) ("The Court finds a private right of action is not implied in [NRS § 608.019]."); *Cueto-Reyes v. All My Sons Moving Co. of LV.*, No. 2:09-cv-2299-ECR-RJJ, 2010 WL 11579989, at *2 (D. Nev. Apr. 5, 2010) ("We conclude, therefore, that there is no private right of action to bring suit for violation of section 608.019; rather, the remedy for such violations is to bring an administrative claim before the Nevada Labor Commissioner."). Thus, the Court denies Plaintiff's Motion as to this claim and dismisses this claim because he cannot recover under either FLSA or Section 608.

D.   **Unjust Enrichment**

Plaintiff next argues that he is entitled to summary judgment on his unjust enrichment claim because Defendant received the benefit of Plaintiff's out-of-pocket expenses of $462.37 that Defendant promised—but failed—to reimburse him for. (ECF

No. 57 at 13.) Plaintiff supports this argument with evidence in the form of his declaration and a receipt of the expenses. (ECF No. 57-1 at 2-5, 28-30.) The Court agrees Plaintiff is entitled to summary judgment on his unjust enrichment claim.

Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995) (citation omitted). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Korte Constr. Co. v. State*, 492 P.3d 540, 543 (Nev. 2021) (citing *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 257 (Nev. 2012)).

Plaintiff proffered evidence that he conferred the benefit of $462.37 on Defendant, Defendant appreciated this benefit, and that Defendant both accepted and retained it by failing to reimburse Plaintiff as promised.[3] (ECF No. 57 at 13.) Therefore, the Court grants Plaintiff's Motion as to this claim because Defendant was unjustly enriched by Plaintiff's $462.37.

### E. Civil Conspiracy

Plaintiff finally argues he is entitled to summary judgment on his civil conspiracy claim because "Yan and Mei Tour knowingly acted in concert and in a conspiratorial fashion with each other and perhaps others to violate labor laws and to take advantage of Plaintiff and those similarly situated," and because the Court already found Mei Tour liable for civil conspiracy through the default judgment. (*Id.* at 14.) However, Plaintiff proffered no evidence with his Motion tending to show that Defendants Yan and Mei Tour,

---

[3] Unjust enrichment only applies where no "express, written contract" exists between parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) (citation omitted). No written employment contract between the parties appears to exist, and though Defendant and Plaintiff agreed that Defendant would reimburse Plaintiff, this promise was not an express, written contract. (*Id.*) Unjust enrichment thus fits here.

1  acting together, intended to accomplish an unlawful objective for the purpose of harming
2  him. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1210 (Nev.
3  1993) (citation omitted) (holding that to state a valid claim for civil conspiracy, a plaintiff
4  must show that defendants, by acting in concert, intended to accomplish an unlawful
5  objective for the purpose of harming the plaintiff and that the plaintiff sustained damages
6  as a result). He instead argues that the Court held Mei Tour liable for civil conspiracy, so
7  therefore Defendant should also be held liable as a coconspirator. (ECF No. 57 at 14.)
8  But Plaintiff has not demonstrated that he is entitled to summary judgment because he
9  has not presented any supporting evidence showing that Defendant acted as a
10 coconspirator. The Court accordingly denies Plaintiff's Motion as to this claim.

**IV.    DAMAGES**

Plaintiff has presented sufficient evidence showing actual damages of base-pay shortfall, uncompensated overtime pay, and out-of-pocket expenses. (*Id.*) Plaintiff is entitled to judgment as follows:

    Base-pay shortfall:          $12,882.50
    Uncompensated overtime pay:  $2,536.88
    Out of pocket expenses:      $462.37
    **Total:                     $15,881.75**

Plaintiff also requests liquidated damages. (*Id.* at 15.) FLSA sets liquidated damages at an additional amount equal to his actual damages (double damages). *See* 29 U.S.C. § 216(b). Under the FLSA, Plaintiff may recover his uncompensated overtime pay ($2,536.88) and out-of-pocket expenses ($462.37), totaling $2,999.25.[4] Thus, as liquidated damages, Plaintiff is entitled to an additional $5,998.50.

Plaintiff is further entitled to reasonable attorneys' fees and court costs under FLSA and Section 608. *See* 29 U.S.C. § 216(b); NRS § 608.260(2)(b). Plaintiff continues to

---

[4] As discussed previously, Plaintiff may not receive FLSA liquidated damages for his base-pay shortfall because these damages are recoverable under Section 608, not the FLSA.

7

incur attorneys' fees and costs related to the litigation of his claims against Defendant. The Court will therefore grant Plaintiff leave to file a verified bill of costs consistent with LR 54-1 and an affidavit of fees consistent with LR 54-14. Plaintiff is also entitled to pre- and post-judgment interest per the terms of NRS § 17.130. Plaintiff's attorney must accordingly include with their written attorneys' fees submission updated damages totals taking the amounts included above and adding the appropriate pre- and post-judgment interest amounts to them.

**V.      CONCLUSION**

The Court notes that Plaintiff made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 57) is granted as to the uncompensated work time, uncompensated overtime, and unjust enrichment claims. The Motion is denied as to the denial of breaks and meal periods claim and dismisses this claim. The Motion is also denied as to the civil conspiracy claim, which leaves this claim remaining for trial.

It is further ordered that, under Fed. R. Civ. P. 54(d) and consistent with LR 54-14, Plaintiff must, within 14 days from the date of entry of this order, file a written affidavit or declaration verifying his claimed attorneys' fees and updated damages amounts including pre- and post-judgment interest according to the applicable standards. Plaintiff may also simultaneously file a bill of costs that complies with LR 54-1.

Its further ordered that, at the same time Plaintiff files his declaration verifying attorneys' fees and damages amounts including pre- and post-judgment interest, Plaintiff must also file a written notice as to whether he intends to proceed to trial on his remaining claims. If he chooses not to, he may instead file a written notice of dismissal of his remaining claims without prejudice at that time.

Its further ordered that Plaintiff files a notice stating whether he intends to proceed to trial on his sole remaining civil conspiracy within 7 days. Failure to file the notice will be construed as Plaintiff electing to voluntarily dismiss the civil conspiracy claim, particularly given the monetary relief granted in this order.

DATED THIS 23rd Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE